IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAGDALENA OROZCO, | ) | |
| | ) | 2:11-cv-03183-GEB-EFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: SETTLEMENT AND |
| | ) | DISPOSITION |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

   Plaintiff filed a "Notice of Settlement" on January 18, 2012, in which she states, "a settlement of the present matter has been reached . . . , which Plaintiff anticipates will be finalized within the next 30 days.(ECF No. 7.)

   Therefore, a dispositional document shall be filed no later than February 17, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

   Further, the Status Conference scheduled to commence at 9:00 a.m. on March 26, 2012, will remain on calendar in the event no dispositional document is filed, or if this action is not otherwise

1

1  dismissed.[1]  A joint status report shall be filed fourteen (14) days
2  prior to the Status Conference.
3     IT IS SO ORDERED.
4  Dated:  January 23, 2012

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```

---

[1]  The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2